EDWARD B. HITTLEMAN, Plaintiff, v. POLK AVENUE BUILDING Co., INC., Respondent, and MAX H. NEWMAN, Defendant. CHARLES S. COLDEN, as Receiver, Appellant; PHILIP GOLDFARB and FANNIE GOLDFARB, Respondents.— Order denying motion of receiver to punish for contempt reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, the order to provide that Philip Goldfarb may purge himself by paying over $2,750 within ten days, and that Fannie Goldfarb may purge herself by paying over $675 within ten days, in default of which payments they will stand committed. The order shall further provide that all matters respecting the balance of the moneys involved are referred to an official referee to hear and determine how much money has been received by either or both of the Goldfarbs in connection with the properties covered by the receivership, against which

should be given a credit of the amount of moneys expended beneficially to the receivership, in which group there shall be included an allowance on a *quantum meruit* basis to Philip Goldfarb and to Fannie Goldfarb for the services rendered in connection with the properties in so far as they were beneficial to the receivership. If the examination of the accounts reveal a further sum as still due to the receiver and either or both of the Goldfarbs fail to pay over such sums as may be properly chargeable to them, the receiver shall have leave to apply for a further order of contempt with respect to such items. If the examination reveal that money is due to either or both of the Goldfarbs from the receiver, he shall pay the same out of the funds in his hands by reason of the payments directed to be made by the Goldfarbs to him prior to the examination made by the official referee. The plaintiff had no power to bind the receiver, assuming that he had made any arrangements with the Goldfarbs in connection with the doing of work affecting the property covered by the receivership. The Goldfarbs had no right to assume to act with respect to the property without an authorization from the receiver, and particularly was Philip Goldfarb guilty of a contempt in assuming to rent the properties covered by the receivership in his own name as landlord. The record reveals that Philip Goldfarb admittedly has in his possession approximately $1,400 that belongs to the receiver and has failed to turn the same over although demand therefor has been made. The record herein reveals that he has paid to himself, without authority, $1,350 without even a pretense of an agreement with any one as to the basis of his compensation, and that he has likewise turned over to Fannie Goldfarb, who took with notice, $675 without any fixation of the basis of her compensation by any one authorized to pass upon the matter. These moneys must be restored forthwith to the receiver and the amount of the compensation to these two individuals, if any, determined in an appropriate manner before any payment is made and not after such payments are made, which requirement necessitates a return of these moneys in advance of ascertaining how much, if any, is to be paid to either of them as compensation for services in so far as they may have been beneficial to the receivership. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur. Settle order on notice.